**FILED**
CLERK, U.S. DISTRICT COURT
05/10/2023
CENTRAL DISTRICT OF CALIFORNIA
BY: _____DVE_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

March 2023 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>DAVID WEN-WEI CHOU,<br><br>　　　　Defendant. | No. 8:23-cr-00062-CJC<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 249(a)(2): Hate Crime Resulting in Death; 18 U.S.C. §§ 247(a)(2), (d)(1), (d)(3): Obstruction of Persons in the Free Exercise of Religious Beliefs Resulting in Death; 18 U.S.C. §§ 924(c)(1)(A)(i), (iii), (j)(1): Possess, Use, Carry, and Discharge a Firearm in Furtherance of and During and in Relation to a Crime of Violence, Resulting in Death; 18 U.S.C. § 844(h)(2): Carry Explosive to Commit Another Federal Felony; 18 U.S.C. § 844(i): Attempted Destruction of Property By Means of Fire and Explosive] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 249(a)(2)]

Beginning on an unknown date, and continuing to on or about May 15, 2022, in Orange County, within the Central District of

California, defendant DAVID WEN-WEI CHOU willfully caused bodily injury to J.C. because of the actual and perceived religion and national origin of J.C. and others. The offense resulted in the death of J.C. and included an attempt by defendant CHOU to kill J.C. and others.

In connection with the offense, defendant CHOU: (1) employed a firearm and explosive and incendiary device that had traveled in interstate and foreign commerce; and (2) used a channel, facility, and instrumentality of interstate and foreign commerce. Moreover, the offense: (1) occurred during the course of and as a result of the travel of defendant CHOU across a State line, and using a channel, facility, and instrumentality of interstate and foreign commerce; and (2) otherwise affected interstate and foreign commerce.

COUNTS TWO THROUGH SIX

[18 U.S.C. § 249(a)(2)]

Beginning on an unknown date, and continuing to on or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU willfully caused bodily injury to each of the below-listed victims, because of the actual and perceived religion and national origin of the below-listed victims and others.  The offenses included an attempt by defendant CHOU to kill each of the victims identified in Counts Two through Six and others.

In connection with the offenses charged in Counts Two through Six, defendant CHOU: (1) employed a firearm and explosive and incendiary devices that had traveled in interstate and foreign commerce; and (2) used a channel, facility, and instrumentality of interstate and foreign commerce.  Moreover, each offense: (1) occurred during the course of and as a result of the travel of defendant CHOU across a State line, and using a channel, facility, and instrumentality of interstate and foreign commerce; and (2) otherwise affected interstate and foreign commerce.

| COUNT | VICTIM |
|---|---|
| TWO | H.A. |
| THREE | T.L. |
| FOUR | S.M.Y. |
| FIVE | P.P.Y. |
| SIX | B.W.C.C. |

COUNTS SEVEN THROUGH FORTY-FIVE

[18 U.S.C. § 249(a)(2)]

Beginning on an unknown date, and continuing to on or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU, through the use of fire, a firearm, and an explosive and incendiary device, willfully attempted to cause bodily injury to each of the below-listed victims because of the actual and perceived religion and national origin of the below-listed victims and others. The offenses included an attempt by defendant CHOU to kill each of the victims identified in Counts Seven through Forty-Five and others.

In connection with the offenses charged in Counts Seven through Forty-Five, defendant CHOU: (1) employed a firearm and explosive and incendiary devices that had traveled in interstate and foreign commerce; and (2) used a channel, facility, and instrumentality of interstate and foreign commerce. Moreover, each offense: (1) occurred during the course of and as the result of the travel of defendant CHOU across a State line, and using a channel, facility, and instrumentality of interstate and foreign commerce; and (2) otherwise affected interstate and foreign commerce.

| COUNT | VICTIM |
|---|---|
| SEVEN | B.S.C. |
| EIGHT | S.L.S. |
| NINE | C.S.C. |
| TEN | C.H.C. |
| ELEVEN | E.Y. |
| TWELVE | F.F.C. |

4

| COUNT | VICTIM |
|---|---|
| THIRTEEN | Y.R.Y. |
| FOURTEEN | J.S.C. |
| FIFTEEN | M.S.A. |
| SIXTEEN | L.Y.H.H. |
| SEVENTEEN | M.D.C. |
| EIGHTEEN | Y.L.C. |
| NINETEEN | L.W.C.C. |
| TWENTY | T.Y.C. |
| TWENTY-ONE | A.S.Y.T. |
| TWENTY-TWO | J.S.Y.C. |
| TWENTY-THREE | S.Y.K.L. |
| TWENTY-FOUR | H.H.H.L. |
| TWENTY-FIVE | J.C.W.C. |
| TWENTY-SIX | C.H.S. |
| TWENTY-SEVEN | S.H.S.S. |
| TWENTY-EIGHT | A.B.J. |
| TWENTY-NINE | J.S.N.C. |
| THIRTY | S.M.C. |
| THIRTY-ONE | S.S. |
| THIRTY-TWO | E.L. |
| THIRTY-THREE | S.C.H. |
| THIRTY-FOUR | J.P.C. |
| THIRTY-FIVE | T.H.W. |
| THIRTY-SIX | M.C.H. |
| THIRTY-SEVEN | S.Y.C. |
| THIRTY-EIGHT | J.J.Y.F. |

| COUNT | VICTIM |
|---|---|
| THIRTY-NINE | R.H.L. |
| FORTY | F.J.L. |
| FORTY-ONE | A.C. |
| FORTY-TWO | K.L. |
| FORTY-THREE | B.C. |
| FORTY-FOUR | Y.C.L. |
| FORTY-FIVE | M.K.T. |

COUNT FORTY-SIX

[18 U.S.C. §§ 247(a)(2), (d)(1)]

Beginning on an unknown date, and continuing to on or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU intentionally obstructed, by force, victim J.C. in the enjoyment of his free exercise of religious beliefs, in and affecting interstate and foreign commerce. The acts of defendant CHOU resulted in the death of J.C. and included defendant CHOU's attempt to kill J.C. and others.

COUNTS FORTY-SEVEN THROUGH FIFTY-ONE

[18 U.S.C. §§ 247(a)(2), (d)(1), (d)(3)]

Beginning on an unknown date, and continuing to on or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU intentionally obstructed and attempted to obstruct by force the following victims in the enjoyment of each victim's free exercise of religious beliefs, in and affecting interstate and foreign commerce.  The acts of defendant CHOU included an attempt to kill each of the below-listed victims, resulted in bodily injury to each of the following victims, and included the use and attempted use of a firearm, explosives, and fire.

| COUNT | VICTIM |
|---|---|
| FORTY-SEVEN | H.A. |
| FORTY-EIGHT | T.L. |
| FORTY-NINE | S.M.Y. |
| FIFTY | P.P.Y. |
| FIFTY-ONE | B.W.C.C. |

COUNTS FIFTY-TWO THROUGH NINETY

[18 U.S.C. §§ 247(a)(2), (d)(1), (d)(3)]

Beginning on an unknown date, and continuing to on or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU intentionally obstructed and attempted to obstruct by force each of the below-listed victims in the enjoyment of each victim's free exercise of religious beliefs, in and affecting interstate and foreign commerce. The acts of defendant CHOU included an attempt to kill each of the victims listed in Counts Fifty-Two through Ninety, and included the use and attempted use of a firearm, explosives, and fire.

| COUNT | VICTIM |
|---|---|
| FIFTY-TWO | B.S.C. |
| FIFTY-THREE | S.L.S. |
| FIFTY-FOUR | C.S.C. |
| FIFTY-FIVE | C.H.C. |
| FIFTY-SIX | E.Y. |
| FIFTY-SEVEN | F.F.C. |
| FIFTY-EIGHT | Y.R.Y. |
| FIFTY-NINE | J.S.C. |
| SIXTY | M.S.A. |
| SIXTY-ONE | L.Y.H.H. |
| SIXTY-TWO | M.D.C. |
| SIXTY-THREE | Y.L.C. |
| SIXTY-FOUR | L.W.C.C. |
| SIXTY-FIVE | T.Y.C. |
| SIXTY-SIX | A.S.Y.T. |

| COUNT | VICTIM |
|---|---|
| SIXTY-SEVEN | J.S.Y.C. |
| SIXTY-EIGHT | S.Y.K.L. |
| SIXTY-NINE | H.H.H.L. |
| SEVENTY | J.C.W.C. |
| SEVENTY-ONE | C.H.S. |
| SEVENTY-TWO | S.H.S.S. |
| SEVENTY-THREE | A.B.J. |
| SEVENTY-FOUR | J.S.N.C. |
| SEVENTY-FIVE | S.M.C. |
| SEVENTY-SIX | S.S. |
| SEVENTY-SEVEN | E.L. |
| SEVENTY-EIGHT | S.C.H. |
| SEVENTY-NINE | J.P.C. |
| EIGHTY | T.H.W. |
| EIGHTY-ONE | M.C.H. |
| EIGHTY-TWO | S.Y.C. |
| EIGHTY-THREE | J.J.Y.F. |
| EIGHTY-FOUR | R.H.L. |
| EIGHTY-FIVE | F.J.L. |
| EIGHTY-SIX | A.C. |
| EIGHTY-SEVEN | K.L. |
| EIGHTY-EIGHT | B.C. |
| EIGHTY-NINE | Y.C.L. |
| NINETY | M.K.T. |

COUNT NINETY-ONE

[18 U.S.C. §§ 924(c)(1)(A)(i), (iii), (j)(1)]

On or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU knowingly used and carried firearms, namely, a Smith and Wesson, Model SD9 VE, 9 mm caliber pistol, bearing serial number FWF9333, and a Smith and Wesson, Model SD9 VE, 9 mm caliber pistol, bearing serial number FYF8454, during and in relation to, and possessed those firearms in furtherance of, a crime of violence for which defendant CHOU may be prosecuted in a court of the United States, namely, Hate Crime Resulting in Death, in violation of Title 18, United States Code, Section 249(a)(2), as charged in Count One of this Indictment, and Obstruction of Persons in the Free Exercise of Religious Beliefs Resulting in Death, in violation of Title 18, United States Code, Section 247(a)(2), as charged in Count Forty-Six of this Indictment, and in the course of said offenses, discharged a firearm.

In the course of possessing, using, carrying, and discharging such firearms, defendant CHOU caused the death of J.C. through the use of a firearm, which killing constituted murder, as defined in Title 18, United States Code, Section 1111(a).

COUNTS NINETY-TWO THROUGH NINETY-SIX

[18 U.S.C. §§ 924(c)(1)(A)(i), (iii)]

On or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU knowingly used and carried firearms, namely, a Smith and Wesson, Model SD9 VE, 9 mm caliber pistol, bearing serial number FWF9333, and a Smith and Wesson, Model SD9 VE, 9 mm caliber pistol, bearing serial number FYF8454, during and in relation to, and possessed those firearms in furtherance of, a crime of violence for which defendant CHOU may be prosecuted in a court of the United States, namely the offenses set forth below: Hate Crimes, in violation of Title 18, United States Code, Section 249(a)(2), as charged in Counts Two through Six of this Indictment; and Obstruction of Persons in the Free Exercise of Religious Beliefs, in violation of Title 18, United States Code, Section 247(a)(2), as charged in Counts Forty-Seven through Fifty-One of this Indictment, and in the course of said offenses, discharged a firearm.

| COUNT | OFFENSES | VICTIM |
|---|---|---|
| NINETY-TWO | COUNTS 2 and 47 | H.A. |
| NINETY-THREE | COUNTS 3 and 48 | T.L. |
| NINETY-FOUR | COUNTS 4 and 49 | S.M.Y. |
| NINETY-FIVE | COUNTS 5 and 50 | P.P.Y. |
| NINETY-SIX | COUNTS 6 and 51 | B.W.C.C. |

COUNT NINETY-SEVEN

[18 U.S.C. § 844(h)(2)]

On or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU knowingly carried explosives during the commission of at least one of the following felonies prosecutable in a court of the United States:

1. Hate Crime, in violation of Title 18, United States Code, Section 249(a)(2), as charged in Counts One through Forty-Five of this Indictment;

2. Obstruction of Persons in the Free Exercise of Religious Beliefs, in violation of Title 18, United States Code, Section 247(a)(2), as charged in Counts Forty-Six through Ninety of this Indictment; and

3. Possession, Use, Carry, and Discharge of Firearm in Furtherance of and During and in Relation to a Crime of Violence, in violation of Title 18, United States Code, Section 924(c)(1)(A), as charged in Count Ninety-One through Ninety-Six of this Indictment.

COUNT NINETY-EIGHT

[18 U.S.C. § 844(i)]

On or about May 15, 2022, in Orange County, within the Central District of California, defendant DAVID WEN-WEI CHOU maliciously attempted to damage and destroy, by means of fire and explosives, a building and real and personal property used in interstate and foreign commerce and in activity affecting interstate and foreign commerce.

NOTICE OF SPECIAL FINDINGS

The allegations contained in Counts Forty-Six and Ninety-One of this Indictment are re-alleged and incorporated here.

As to Counts Forty-Six and Ninety-One, defendant DAVID WEN-WEI CHOU:

1. Was 18 years of age or older at the time of the offense (18 U.S.C. § 3591(a));

2. Intentionally killed J.C. (18 U.S.C. § 3591(a)(2)(A));

3. Intentionally inflicted serious bodily injury that resulted in the death of J.C. (18 U.S.C. § 3591(a)(2)(B));

4. Intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and J.C. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(C));

5. Intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and J.C. died as a direct result of the act (18 U.S.C. § 3591(a)(2)(D));

6. Committed the offenses charged in Counts Forty-Six and Ninety-One during the commission of an offense under section 844(i) (18 U.S.C. § 3592(c)(1));

7. In the commission of the offenses charged in Counts Forty-Six and Ninety-One, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (18 U.S.C. § 3592(c)(5));

8. Committed the offenses charged in Counts Forty-Six and Ninety-One after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)); and

9. Intentionally attempted to kill more than one person in a single criminal episode (18 U.S.C. § 3592(c)(16)).

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count Ninety-One through Ninety-Six of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm or ammunition involved in or used in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. §§ 981(a)(1)(C) and 844(c) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in either of Counts Ninety-Seven or Ninety-Eight of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offenses;

   (b) Any explosive materials involved or used or intended to be used in the offense; and

   (c) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been

substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
Foreperson

E. MARTIN ESTRADA
United States Attorney

KRISTEN M. CLARKE
Assistant Attorney General
Department of Justice
Civil Rights Division

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

BENJAMIN R. BARRON
Assistant United States Attorney
Chief, Santa Ana Branch Office

GREGORY S. SCALLY
Assistant United States Attorney
Deputy Chief, Santa Ana Branch Office

SUSAN HAR
Assistant United States Attorney
Public Corruption and Civil Rights Section

MICHAEL J. SONGER
Special Litigation Counsel
Department of Justice
Civil Rights Division